FILED
MAR 2 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Let this be filed.
[signature]
USDJ 3/27/08

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

    v.

AB VOLVO

                Defendant.

Civil Action No. __08 0473__

**CONSENT OF DEFENDANT AB VOLVO**

1.     Defendant AB Volvo ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance in this action, and admits the Court's jurisdiction over Defendant for the purpose of this action and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)     permanently restrains and enjoins Defendant from violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act");

        (b)     orders Defendant to pay disgorgement in the amount of $7,299,208, plus pre-judgment interest of $1,303,441; and

1



  (c) orders Defendant to pay a civil penalty in the amount of $4,000,000 under Section 21(d)(3) of the Exchange Act.

3. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.



8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

3



action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made by it or on its behalf any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a

4



party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.   Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.



5

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: March 18, 2008

AB Volvo

By: _____
Name of person signing for entity: Eva Persson   Staffan Jahnsson
Title: General Counsel   Senior Vice Pres.
Address: AB Volvo
S-405 08 Gothenburg
SWEDEN

On _____, 2008, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of AB Volvo as its _____.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Danforth Newcomb, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4184
(646) 848-4184 (fax)
Attorney for Defendant

6





# NOTARIUS PUBLICUS I GÖTEBORG
### ADVOKAT BJÖRN MAGNUSSON

## APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. Country: Sweden

   The attached public document
2. has been signed by **Björn Magnusson**
3. acting in the capacity of the Notary Public of Göteborg, Sweden
4. bears the seal/stamp of the Notary Public of Göteborg, Sweden

Certified

5. at Göteborg, Sweden                    6. the 18th day of March 2008
7. by Per Bäcklund,

   Notary Public of Göteborg, Sweden

8. No. 133326-2
9. Seal/stamp                             10. Signature



Fee: SEK 600:-





| Postadress/Postal Address | Besöksadress/Visitors | Exp. tid/Office hours | Telefon/Telephone | Telefax |
|---|---|---|---|---|
| Box 11911 | Drottninggatan 38 | 10:00-12.00, 13:00-15:30 | Nat 031-799 10 90 | Nat 031-799 10 99 |
| S-404 39 GÖTEBORG | GÖTEBORG | Dag före helgdag/ | Int +46 31 799 10 90 | Int +46 31 799 10 99 |
| | | Day before public holiday 10:00-13:00 | | |
| | | Lördagar stängt/Saturdays closed | | |



# NOTARIUS PUBLICUS I GÖTEBORG
### ADVOKAT BJÖRN MAGNUSSON

I, the undersigned, BJÖRN MAGNUSSON, Notary Public of Göteborg, Sweden, do hereby certify

that   E v a   P e r s s o n   and   S t e f a n   J o h n s s o n

have personally signed the attached document and that they are duly authorized to sign jointly for and on behalf of

**Aktiebolaget Volvo (publ)** - Org. No.556012-5790

according to a Certificate of Registration, issued by the Swedish Companies Registration Office, dated June 7, 2007.

Göteborg, this 18th day of March 2008
Ex officio:

Björn Magnusson

Exp. No.: 133326
Fee: SEK 800:-

---

| Postadress/Postal Address | Besöksadress/Visitors | Exp. tid/Office hours | Telefon/Telephone | Telefax |
|---|---|---|---|---|
| Box 11911 | Drottninggatan 38 | 10:00-12:00, 13:00-15:30 | Nat 031-799 10 90 | Nat 031-799 10 99 |
| S-404 39 GÖTEBORG | GÖTEBORG | Dag före helgdag/ | Int +46 31 799 10 90 | Int +46 31 799 10 99 |
| | | Day before public holiday 10:00-13:00 | | |
| | | Lördagar stängt/Saturdays closed | | |

## AB VOLVO CERTIFICATE OF CORPORATE RESOLUTION

I, Eva Persson, do hereby certify that I am General Counsel, Senior Vice President and Secretary to the Board of Directors of AB Volvo (the "Corporation"), a Swedish company, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of AB Volvo at a meeting held on March 17, 2008, at which a quorum was present and resolved as follows:

**RESOLVED:** That, the Corporation should enter into the settlement with the United States Securities and Exchange Commission ("Commission") substantially in the form attached hereto in connection with the investigation conducted by the Commission; and that pursuant to the authorization granted by the Board of Directors on February 5, 2008, Eva Persson, General Counsel, Senior Vice President and Secretary to the Board of Directors of AB Volvo, jointly with Stefan Johnsson, Senior Vice President of AB Volvo, are authorized to execute such documentation as may be necessary to effect the settlement with the Commission.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate this 18th day of March, 2008.

By: _____
Name: Eva Persson
Title: General Counsel, Senior Vice President &
Secretary to the Board of Directors of
AB Volvo


I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2008.

_____
Name: Eva Persson
Title: General Counsel, Senior Vice President &
Secretary to the Board of Directors of
AB Volvo